UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOLLS KILL, INC., a California corporation,

    Plaintiff,

vs.

MADMIA INTERNATIONAL LLC,
a Floridia limited liability company,

    Defendant.
_____/

# COMPLAINT

**Jury Trial Demanded**

Plaintiff, DOLLS KILL, INC., ("Dolls Kill" or "Plaintiff") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. The Court has personal jurisdiction over Defendant because Defendant is a resident of this judicial district and/or has purposefully directed its unlawful

conduct to this judicial district and has conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because Defendant resides and conducts business within the district and a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Dolls Kill is a California corporation with its headquarters located in California and doing business throughout the United States and within Florida.

6. Defendant MADMIA INTERNATIONAL LLC ("MADMIA"), is a Florida limited liability company with a principal place of business at 1308 Via Villanova Way, Winter Springs, FL 32708.

## FACTUAL BACKGROUND

7. Dolls Kill is a leading global fashion retailer founded in 2011 that established itself as a global brand through strong social media presence and significant resources spent in developing and promoting its own original brands, products and designs featured and offered through its online e-commerce platform at *www.dollskill.com*, as well as Dolls Kill's own retail stores.

8. Dolls Kill is renowned for blending underground lifestyle and fashion including through the creation of eye-catching and colorful prints, designs and other decorative elements easily identifiable by consumers who recognize and love its

unique work for their bold nature which distinguishes Dolls Kill from other brands operating within the same industry.

9. Through the creation and distribution of Dolls Kill's original designs and products that caters to a niche audience that stands apart from traditional market demographics and whose culture and interests lacked representation within the retail industry, Plaintiff intends to celebrate the individuality and diversity of others and empower its consumers to be who they are and have fun.

10. Defendant has continuously and repeatedly violated Dolls Kill's rights through the manufacture, promotion, distribution, and sale in interstate commerce of products bearing designs, prints, graphics, shapes, and other original artwork that art identical or substantially similar to Dolls Kill's copyrighted design.

### Defendant's Infringing Conduct

11. Plaintiff created and exclusively owns the original visual material (the "Subject Design") which has been registered with the United States Copyright Office, with all formalities satisfied.

12. Prior to the acts complained of herein, Plaintiff sold footwear bearing the Subject Design on its website and made it widely available to viewers.

13. Plaintiff has not authorized Defendant to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Design.

14. Plaintiff is informed and believes and thereon alleges that following its distribution of the Subject Design, MADMIA created, sold, manufacture, caused to be manufactured, imported, and/or distributed footwear featuring unauthorized reproductions of the Subject Design or designs which are substantially similar to the Subject Design (hereinafter "Offending Products"). All the foregoing acts occurred without Plaintiff's consent.

15. Representative images of the Subject Design and exemplars of the Offending Products are set forth below:



| Subject Design | Offending Product Detail |
|---|---|
| https://www.dollskill.com/products/candy-metamorphic-butterfly-boots | https://shopmadmia.com/products/butterfly-shoes-pink |



| Subject Design | Offending Product Detail |
|---|---|
| https://www.dollskill.com/products/metamorphic-glitter-boots | https://shopmadmia.com/products/butterfly-shoes-black |

16. Upon information and belief, Dolls Kill alleges that Defendant had access to the Subject Design, including through Dolls Kill's numerous online profiles, website, advertisements, and social media accounts, and/or through viewing the Subject Design on third-party websites and search engines.

17. Dolls Kill has not in any way authorized Defendant to copy, reproduce, duplicate, disseminate, distribute, create derivative works of, or otherwise exploit the Subject Design before the exploitation at issue.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement (17 U.S.C. § 106))

18. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the factual allegations contained in the preceding paragraphs.

19. Defendant accessed the Subject Design by without limitation, purchasing product bearing the Subject Design directly from Plaintiff.

20. Defendant infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Design and distributing same to the public.

21. Due to Defendant's acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

22. Due to Defendant's acts of copyright infringement as alleged herein, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

23. Plaintiff is informed and believes and thereon alleges that Defendant has committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

### (For Contributory Copyright Infringement (17 U.S.C. § 106))

24.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the factual allegations contained in the preceding paragraphs.

25.     Plaintiff alleges on information and belief that Defendant knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Design as alleged hereinabove.

26.     Defendant knew or should have known that the sale of unauthorized reproductions of the Subject Design by affiliated and third-party distributors directly infringed the copyrights in and to the Subject Design.

27.     Defendant induced, caused, and materially contributed to the third-party distributors' direct infringement by, at a minimum, selling and distributing products bearing unauthorized reproductions of the Subject Design to its third-party distributors for further sale and distribution.

28.     Defendant received substantial benefits in connection with its unauthorized reproduction and distribution of the Subject Design, including, but not limited to revenue received from the sale of products bearing unauthorized reproductions and derivatives of the Subject Design.

29.     Plaintiff alleges that Defendant committed contributory copyright infringement with actual knowledge or reckless disregard of its rights such that said

acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

30. By reason of Defendant's acts of contributory infringement as alleged above, Plaintiff has been damaged and has suffered damages in an amount to be established at trial.

31. Due to Defendant's acts of contributory copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to its infringement of the Subject Design, in an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that Defendant has committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

### (For Vicarious Copyright Infringement (17 U.S.C. § 106))

33.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the factual allegations contained in the preceding paragraphs.

34.     Plaintiff alleges on information and belief that Defendant had the right and ability to supervise the infringing conduct of its affiliated and third-party distributors, by virtue of *inter alia* its contractual agreements with those distributors and had the right and ability to prevent the further distribution and sale of unauthorized reproductions of the Subject Design.

35.     Defendant had a direct financial interest in the infringing activity because it received substantial benefits in connection with the unauthorized reproduction and distribution of the Subject Design for purposes of trade. Specifically, Defendant received revenue in connection with the sale of products bearing unauthorized reproductions and derivatives of the Subject Design, and was able to supervise the distribution, sale, and creation of said products.

36.     Plaintiff alleges that Defendant committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious.

37. By reason of Defendant's acts of vicarious infringement as alleged above, Plaintiff has been damaged and has suffered damages in an amount to be established at trial.

38. Due to Defendant's acts of vicarious copyright infringement as alleged herein, it has obtained direct and indirect profits it would not otherwise have realized but for its infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to its infringement of the Subject Design, in an amount to be established at trial.

39. Plaintiff is informed and believes and thereon alleges that Defendant has committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

    a. That Defendant and its respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or

      otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

b. That Plaintiff be awarded all profits of Defendant, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505, 1203;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505, 1203;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

//

//

//

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 24, 2024          Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: /s/ Stephen M. Gaffigan
Stephen M. Gaffigan
(Fla. Bar No. 025844)
401 E. Las Olas Blvd, Ste 130-453
Ft. Lauderdale, FL 33301
Telephone: (954) 767-4819
Email: stephen@smgpa.cloud
Attorneys for Plaintiff,
DOLLS KILL, INC.